UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY J. CHAVIS,<br><br>   Plaintiff<br><br>VERSUS<br><br>BOARD OF SUPERVISORS OF<br>LOUISIANA STATE UNIVERSITY AND<br>AGRICULTURAL AND MECHANICAL<br>COLLEGE, and TEXAS A&M<br>UNIVERSITY,<br><br>   Defendants | § § § § § § § § § § § § § § § | NO.:  4:15-CV-00776-GHM |

**DEFENDANT BOARD OF SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE'S
MOTION TO DISREGARD LETTER AGREEMENT
AND COMPEL RESPONSE**

Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") respectfully submits this Motion to Disregard the May 22, 2015 "Letter Agreement" filed by Plaintiff Johnny Chavis, which attempts to dictate the order of this Court's decision making, and Motion to Compel Chavis to respond to putative defendant Texas A&M University's ("TAMU") Motion to Dismiss.

1. This is a contract suit brought by Chavis against his former employer, LSU. Chavis' new employer TAMU has contractually agreed to pay whatever Chavis is found to owe LSU and Chavis has represented to all courts that TAMU has affirmed its commitment to do so. Chavis asserts only that TAMU, like Chavis, disagrees that Chavis owes anything—a position completely aligned with Chavis' own and in no way adverse to him. *See* Doc. 1 at 5-8, 39.

2. In every filing in every Texas court, including this Court, LSU has questioned Chavis' joinder of his new employer as a defendant, which appears an obvious ploy to establish

an otherwise absent jurisdictional link to this state. *See* Doc. 1 at 5-8; Doc. 1-1 at 18 n.3; Doc. 11 at 11, 26 n.4; Doc. 13 at 2-4. LSU has moved to dismiss because there is no such jurisdictional link to Texas. Docs. 10, 11. TAMU itself has moved to dismiss Chavis' claims against it, rightly asserting immunity to Chavis' contract claims in *any* Texas court. Doc. 9 (admitting that TAMU "does not have any skin in this game.").

3. LSU has urged the Court to exercise its authorized discretion to decide the universities' straightforward motions to dismiss before addressing Chavis' motion to remand, in part because dismissal of the sham claim against TAMU removes any colorable tie to Texas. Doc. 11 at 10-12; Doc. 13 at 4-5.

4. Chavis' response to TAMU's motion to dismiss was due on May 22, 2015. *See* Doc. 9 docket entry. On that day, Chavis' lawyers—who are hired and funded by TAMU under his new employment agreement—sent a letter to the Court's case manager announcing a side agreement with TAMU that Chavis need not respond until *after* this Court decides Chavis' remand motion. *See* Doc. 24.[1] LSU was not consulted and vehemently opposes this agreement.

5. This agreed "extension" is not a finite enlargement of time to a date certain, such as the courtesy extension LSU agreed to grant Chavis to respond to its own motion to dismiss. Doc. 25. Instead, this agreement is a blatant attempt to usurp this Court's discretion and avoid a final reckoning on TAMU's nebulous role in this lawsuit.

6. Chavis and his lawyers know full well that TAMU is immune from contract suit in Texas and also know that LSU's removal is based in part on TAMU's status as a nominal defendant. TAMU's motion to dismiss (and correct disposition thereof) supports both LSU's

---

[1] The May 22 Letter Agreement was not properly filed with the Court until six days later, on May 28, 2015.

removal position and LSU's own motion to dismiss, as it shows there are really no ties to TAMU or the state of Texas.

7. TAMU's agreement to delay ruling on its motion to dismiss—solely to benefit its supposed litigation adversary, Chavis—perfectly illustrates LSU's point that TAMU is not a proper defendant in this suit. The Court should not condone this collusive gamesmanship and should disregard the May 22 Letter Agreement.

8. Chavis' delaying maneuver is a bald-faced attempt to keep an improper Texas defendant in this lawsuit and to bootstrap remand to a venue where that defendant is king.[2] If Chavis cannot oppose TAMU's motion to dismiss, then why should TAMU ever have been named?

9. If Chavis has any legitimate reason why TAMU should be kept in this lawsuit, he should be required to state it. The Court should compel Chavis to respond to TAMU's motion to dismiss or decide that motion without him.

---

[2] Indeed, Chavis' response to LSU's Motion to Dismiss is littered with references to TAMU and Brazos County as the proper venue in suits against it (Doc. 29), even though Chavis and TAMU both know that no such suit can be maintained against TAMU on Chavis' contract-only claims.

WHEREFORE, Defendant LSU respectfully moves this Court to disregard the May 22, 2015 Letter Agreement and to compel Chavis to respond to TAMU's Motion to Dismiss before the Court addresses the remand issue.

Respectfully submitted,

/s/ *Susan S. Vance*
Susan S. Vance
State Bar No. 24036562
svance@adjtlaw.com
Douglas W. Alexander
State Bar No. 00992350
dalexander@adjtlaw.com
ALEXANDER DUBOSE
JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Fax: (512) 482-9303

Robert W. Barton, Bar #22936
bob.barton@taylorporter.com
L. Adam Thames, Bar #32722
adam.thames@taylorporter.com
Ryan K. French, Bar #34555
ryan.french@taylorporter.com
TAYLOR, PORTER, BROOKS & PHILLIPS LLP
8th Floor Chase Tower South
451 Florida Street (70801)
Post Office Box 2471
Baton Rouge, Louisiana 70821
Tel. (225) 387-3221
Fax. (225) 346-8049

COUNSEL FOR BOARD OF SUPERVISORS OF LOUSIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE

## CERTIFICATE OF CONFERENCE

On June 5, 2015, I spoke with (1) Anne Rodgers, counsel for Plaintiff Johnny J. Chavis, who states that her client opposes the relief sought in this motion; and (2) Eric Hudson, counsel for Defendant Texas A&M University, who states that his client also opposes the relief sought in this motion.

    /s/ Susan S. Vance
Susan S. Vance

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served via e-service on the following counsel of record on June 5, 2015:

Otway B. Denny
State Bar. No. 05755500
Anne M. Rodgers
State Bar No. 17133025
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-3797
Facsimile: (713) 651-5246

Bill Youngkin
State Bar No. 22226500
bill@youngkinlaw.com
Matthew D. Doss
State Bar No. 24069624
matt@youngkinlaw.com
YOUNGKIN & DOSS, PLLC
P.O. Box 4806
Bryan, Texas 77805
Telephone: (979) 776-1325
Facsimile: (979) 776-1315

*Counsel for Plaintiff Johnny J. Chavis*

Eric A. Hudson
Assistant Attorney General
S.D. Texas Bar No. 1000759
State Bar No. 24059977
General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-6417
Facsimile: (512) 478-4013

Ray Bonilla
State Bar No. 02600985
rbonilla@tamus.edu
Scott Kelly
State Bar No. 11237600
s-kelly@tamus.edu
Office of General Counsel
1230 TAMUS
301 Tarrow St., Floor 6
College Station, Texas 77840-7896
Telephone: (979) 458-6128
Facsimile:  (979) 458-6150

*Counsel for Defendant Texas A&M University*

                                             /s/ *Susan S. Vance*
                                             Susan S. Vance

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY J. CHAVIS,<br>　　　Plaintiff<br><br>VERSUS<br><br>BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and TEXAS A&M UNIVERSITY,<br>　　　Defendants | § § § § § § § § § § § § § § | NO.:　　4:15-CV-00776-GHM |

## ORDER

Before the Court is the Motion to Disregard Letter Agreement and Compel Response filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU'). After careful consideration, the Court is of the opinion that the motion should be GRANTED in its entirety. Accordingly, the Court will disregard the May 22, 2015 Letter Agreement between Plaintiff Johnny Chavis and Defendant Texas A&M University (Doc. 24), agreeing to delay Plaintiff's response to Texas A&M's motion to dismiss (Doc. 9), which was due on May 22, 2015. Plaintiff is ordered to respond to Texas A&M's motion to dismiss within five days of this Order.

SIGNED this ____ day of _____, 2015.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　THE HONORABLE GRAY H. MILLER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE